```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

JEREMY M. JEKIEL,            )
                             )
Plaintiff,                   )
                             )
vs.                          )   CAUSE NO. 3:15-CV-282
                             )
CORRECT CARE SOLUTIONS,      )
et al.,                      )
                             )
Defendants.                  )

## OPINION AND ORDER

Before the Court is a complaint filed by Jeremy M. Jekiel, a *pro se* prisoner, pursuant to 42 U.S.C. § 1983. (DE #1.) For the reasons set forth below, the Court: (1) **GRANTS** the plaintiff leave to proceed against Dr. John Foster, Nurse Robin Yohn and Nurse Jessica Whiekcar in their individual capacities for compensatory and punitive damages for failing to provide him with adequate medical care; (2) **GRANTS** the plaintiff leave to proceed against Correct Care Solutions for maintaining an unconstitutional policy or practice prohibiting inmates from obtaining prompt evaluation and treatment for serious medical needs;(3) **DISMISSES** any and all other claims contained in the complaint; (4) **DIRECTS** the United States Marshals Service to effect service on Dr. John Foster, Nurse Robin Yohn, Nurse Jessica Whiekcar and Correct Care Solutions; and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. John Foster, Nurse Robin Yohn, Nurse Jessica Whiekcar and Correct Care Solutions

to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Jeremy M. Jekiel, a *pro se* prisoner, filed this action on July 6, 2015. (DE # 1.) He alleges that he has been denied proper care for his broken hand while being held as a pretrial detainee at the Elkhart County Correctional Complex.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim, the Court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The Court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint, on March 2, 2105, a fellow inmate assaulted Jekiel and another inmate stomped on his hand. Later that day, he showed his black and blue hand to a nurse and asked to be seen, but was informed that Correct Care Solutions ("CCS")[1] maintained a policy that required him to first fill out a medical request. Jekiel filled out the medical request, but was not seen by any medical staff for six days. After six days, Jekiel was seen by Nurses Robin Yohn and Jessica Whiekcar. He requested pain medication, but they denied his request and said that CCS policy required him to first been seen by Dr. Foster.

Dr. Foster then examined Jekiel, and found that his hand was broken and referred him to an outside physician. On March 31,

---

[1] A private company providing health care services at Elkhart County Correctional Complex.

3

2015, Jekiel was seen by Dr. David Cutliffe in Napanee, Indiana, where a CT scan revealed a hand fracture. After returning, Dr. Foster told Jekiel that he needed to go back to Dr. Cutliffe for further treatment, but CCS had denied that further treatment.

Jekiel claims that due tot he policy of CCS, and the actions of Dr. Foster, Nurse Yohn and Nurse Whiekcar, he was been denied adequate medical care and suffered pain and loss of use of his right hand.

Under the Due Process Clause of the Fourteenth Amendment, inmates are entitled to adequate medical care for serious medical needs. *Collignon v. Milwaukee Cnty.,* 163 F.3d 982, 988-990 (7th Cir. 1998). For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical practice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). An inmate who has received some form of treatment for a medical condition must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to

4

seriously aggravate his condition." *Id.*

Here, Jekiel alleges that the nurses knew of his injured hand, but delayed treatment for six days as a result of CCS's policy. He was also denied pain medication by Nurses Yohn and Whiekcar during that time due to CCS's policy. This delay is enough to allege that the nurses were deliberately indifferent to his broken hand. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). As to Dr. Foster, he allegedly knew that Jekiel needed to be seen by an outside physician for further treatment but, based on CCS policy, he refused to send Jekiel for any further treatment. This, too, states a claim for deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). Although further factual development may show that medical staff properly evaluated and treated Jekiel, giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed on a Fourteenth Amendment claim.

Next, Jekiel raises an official capacity claim against CCS based on an alleged unlawful policy at the jail regarding the medical treatment provided to inmates. A suit against a government officer in his official capacity is treated as a suit against the municipality itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). There is no general *respondeat superior* liability under Section 1983, and instead a municipality will be held liable only if the plaintiff establishes a policy or custom that violates the plaintiff's constitutional rights. *Monell v. New York City Dep't*

*of Social Servs.*, 436 U.S. 658 (1978); *Schor v. City of Chicago*, 576 F.3d 775, 779 (7th Cir. 2009). Here, Jekiel essentially blames the medical defendants' conduct on CCS policies. He alleges that CCS's policies caused him to have to wait six days to be seen for a broken hand and be denied pain medication during that time. He also alleges that CCS's policy caused him to be denied further medical treatment for his hand even though it is medically necessary.Similar to the underlying claims discussed above, further factual development may show that CCS's polices were reasonable and appropriate. However, Jekiel has plausibly alleged that he was subjected to unreasonable medical care, which was the result of CCS's policies. As such, he has alleged enough to proceed on a Fourteenth Amendment official capacity claim against CCS.

CONCLUSION

For the reasons set forth above, the Court:

(1) **GRANTS** the plaintiff leave to proceed against Dr. John Foster, Nurse Robin Yohn and Nurse Jessica Whiekcar in their individual capacities for compensatory and punitive damages for failing to provide him with adequate medical care;

(2) **GRANTS** the plaintiff leave to proceed against Correct Care Solutions for maintaining an unconstitutional policy or practice prohibiting inmates from obtaining prompt evaluation and treatment for serious medical needs;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the United States Marshals Service to effect service on Dr. John Foster, Nurse Robin Yohn, Nurse Jessica Whiekcar and Correct Care Solutions; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. John Foster, Nurse Robin Yohn, Nurse Jessica Whiekcar and Correct Care Solutions to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

DATED:   August 26, 2015          /s/ RUDY LOZANO, Judge
                                  **United States District Court**